# Court of Appeals
# of the State of Georgia

ATLANTA, January 18, 2017

*The Court of Appeals hereby passes the following order:*

**A16A1519; A16A2225; A16A2226. NICHOLSON et al. v. CAPITAL MORTGAGE CORPORATION et al.**

The captioned appeals are related to a suit brought by James C. Nicholson (acting individually and as next friend of an incapacitated adult, George C. Nicholson) against three lenders (Capital Mortgage Corp., First Financial Funding, Inc., and Prime Equity Lending, Inc.) and one individual (Malinda Drew Carr). The suit sought to set aside a real property foreclosure along with other relief. After a bench trial, the trial court ruled in favor of the three lender defendants, and pursuant to OCGA § 9-11-54 (b) entered a partial final judgment on December 14, 2015 in favor of the lenders.

In Case No. A16A1519, docketed on April 21, 2016, Nicholson appealed from the December 14, 2015 final judgment, and was granted an extension of time to file an enumeration of errors and brief no later than June 20, 2016. On June 20, 2016 Appellants filed a brief which contained no enumeration of errors, legal argument, or citation to authority. Instead, the brief set forth a statement of proceedings in the trial court, characterized the court's judgment as "legal thievery by operation of law," and stated that: "In lieu of filing Enumeration of Errors, Appellants respectfully request this Court to remand this case to the trial court and for her to enter an Order that comports [with the record in this case]." On July 6, 2016, Appellants belatedly filed a separate Enumeration of Errors still unsupported by any argument or citation to authority.

In Case No. A16A2225, docketed on July 29, 2016, Appellants appealed again from the December 14, 2015 final judgment pursuant to the same notice of appeal

filed in Case No. A16A1519. Enumeration of errors and brief were due to be filed in Case No. A16A2225 no later than August 18, 2016, but none have been filed and no extension of time has been requested.

In Case No. A16A2226, docketed on July 29, 2016, Appellants appealed from the trial court's post-judgment order entered on April 15, 2016 which ruled that, because the Plaintiffs had failed to post an appeal bond as ordered by the court, "the Court orders that the supersedeas effect of Plaintiff[s'] notice of appeal has terminated." Enumeration of errors and brief were due to be filed in Case No. A16A2226 no later than August 18, 2016, but none have been filed and no extension of time has been requested.

By letter dated August 26, 2016, legal counsel of record for the Appellants in all three of the captioned appeals, Christopher Nicholson, informed the Clerk of this Court that: "These two appeals [Case Nos. A16A2225 and A16A2226] are related to appeal Case No. A16A1519. These appeals have not been acted upon by Appellee and the decision in A16A1519 would decide these appeals. There is no need for enumeration of errors and briefs at this time."

Based on this record, we find that procedural defaults require dismissal of all three of the captioned appeals. The appeal in Case No. A16A1519 is DISMISSED for the intentional failure to timely file enumeration of errors and the abandonment of any issues raised in the appeal by the absence of legal argument or citation to authority in the appellate brief. Court of Appeals Rules 13, 22 (a), 23 (a), and 25 (c) (2). The appeals in Case Nos. A16A2225 and A16A2226 are DISMISSED for the intentional failure to file enumeration of errors and briefs. Court of Appeals Rules 13, 22 (a), and 23 (a).

This Court takes notice that legal counsel of record in all three of the captioned appeals, Christopher Nicholson, was disbarred by the Georgia Supreme Court on October 3, 2016 for conduct unrelated to these appeals. *In the Matter of Christopher G. Nicholson*, ___ Ga. ___ (Case No. S16Y1446, decided October 3, 2016). Although the Appellants in these appeals are without legal representation due to counsel's disbarment, we find that a stay or remand to the trial court to allow

Appellants to acquire new counsel is not required under the circumstances and would impose unnecessary delay. Immediate dismissal of these appeals is appropriate because the procedural defaults require dismissal of these appeals, and the defaults occurred while Appellants were represented by counsel on appeal before counsel was disbarred.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* __01/18/2017__
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*